IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01901-BNB

HILLERY WADE,

    Applicant,

v.

PEOPLE OF THE STATE OF COLORADO, and
MR. SUTHERS, The Attorney General of the State of Colorado,

    Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 02 2007

GREGORY C. LANGHAM
                CLERK

---

## ORDER OF DISMISSAL

---

Applicant Hillery Wade is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Huerfano County Correctional Center in Walsenburg, Colorado. He has filed a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 attacking his August 11, 1994, State of Colorado conviction and sentencing. On September 14, 2007, Magistrate Judge Boyd N. Boland ordered Mr. Wade to show cause within thirty days why the Application should not be denied as time-barred pursuant to 28 U.S.C. § 2244(d). Mr. Wade submitted a Response on October 4, 2007.

The Court must construe liberally the Application and the Response because Applicant is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act

as a *pro se* litigant's advocate. **See Hall**, 935 F.2d at 1110. For the reasons stated below, the Application will be denied.

In the Application, Mr. Wade alleges that he was convicted by a jury trial in the Arapahoe County District Court of two counts of aggravated robbery, one count of theft, and five counts of habitual crimes and that he was sentenced to twenty-four years of incarceration in the DOC. Applicant asserts he filed a direct appeal that was denied by the state's highest court on August 13, 2007. Mr. Wade also states that he filed a Colo. R. Crim. P. 35(a) postconviction motion on or about September 10, 2004, that was denied by the state's highest court on April 5, 2007.

Nonetheless, as Magistrate Judge Boland determined in his September 14, 2007, Order based on copies of state court filings attached to the Application, Mr. Wade's convictions were affirmed on direct appeal on October 19, 1995, and the mandate issued on November 6, 1995. (Application Attachs., Colorado Appeals Ct. Apr. 5, 2007, Order.) Furthermore, Magistrate Judge Boland also determined that Mr. Wade filed a Colo. R. Crim. P. 35(c) postconviction motion on October 27, 1998. (Application Attachs., Colorado Appeals Ct. Apr. 5, 2007, Order.)

Section 2244(d) specifically provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in

2

> violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

For purpose of the one-year limitation period, and assuming that Applicant filed a petition for a writ of certiorari with the Colorado Supreme Court, Applicant's conviction and sentence became final at the latest on February 5, 1996, when the time for seeking review in the United States Supreme Court expired. *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999); Sup. Ct. R. 30. From February 6, 1996, the day after Applicant's conviction became final, until October 26, 1998, the day prior to his filing a postconviction motion, over two years, Mr. Wade did not have a postconviction motion pending in state court and the time is not tolled pursuant to § 2244(d). From April 6, 2007, the day after his postconviction motion was denied by the state court of appeals, until August 29, 2007, the day prior to when Applicant signed the instant Application and presumably presented the Application for mailing to this Court, the time is not tolled

3

for the purposes of § 2244(d). The Court finds that the time is not tolled for well over over two years.

Mr. Wade does not allege that there are any constitutional rights newly recognized by the Supreme Court that apply to his case, or that he did not know or could not have discovered the factual predicate for his claims challenging the validity of his conviction and sentence at the time of his conviction and direct appeal. He also does not assert that there were any impediments to filing an application created by state action.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.), **cert. denied**, 525 U.S. 891 (1998). However, equitable tolling is appropriate only if the inmate pursues his or her claims diligently. **See id.**

In the Response, Applicant asks that the Court accept the documents he has attached to the Response as evidence that he has complied with Magistrate Judge Boland's September 14, 2007, Order. The attachments simply are the same documents that Mr. Wade attached to the Application, including the state court of appeals' order affirming the state district court's denial of his postconviction motion and the opening brief filed in the state court of appeals in his postconviction motion. Neither of the documents provide a basis for tolling the time from February 6, 1996, until October 26, 1998, or from April 6, 2007, until August 29, 2007, under § 2244(d). The documents also fail to show that Applicant made any efforts to pursue his claims

diligently or that there were any extraordinary circumstances beyond his control that prevented him from filing the instant action within the time allowed by statute. Therefore, the Application is barred by the one-year limitation period. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this __1__ day of _____Nov._____, 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01901-BNB

Hillery Wade
Prisoner No. 1532
Huerfano County Corr. Center
304 Ray Sandoval Street
Walsenburg, CO 81089

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on NOV. 2, 2007

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk