IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01901-ZLW

HILLERY WADE,

Applicant,

v.

PEOPLE OF THE STATE OF COLORADO, and
MR. SUTHERS, The Attorney General of the State of Colorado,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB - 1 2008

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING MOTION TO RECONSIDER

---

Applicant Hillery Wade, on November 28, 2007, filed a *pro se* document titled "(Re-Hearing) Motion to Show Cause in Response to Court Order." Mr. Wade appears to ask the Court to reconsider the Court's Order of Dismissal filed in this action on November 2, 2007, denying Applicant's 28 U.S.C. § 2254 Application. The Court must construe the Motion liberally because Mr. Wade is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Motion will be construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. Rule 59(e) and will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Wade signed, dated, and certified the mailing of the Motion to

Reconsider, on November 13, 2007, which is within ten days after the judgment was entered in this action on November 2, 2007. *See* Fed. R. Civ. P. 6(a) (time periods of less than eleven days exclude intervening Saturdays, Sundays, and legal holidays). The Court, therefore, will consider the Motion pursuant to Rule 59(e). *See Van Skiver*, 952 F.2d at 1243.

The Court dismissed the instant action because the Application was barred by the one-year limitation period in 28 U.S.C. § 2244(d). Mr. Wade asserts in the Motion to Reconsider that he is without legal training and education. He further contends that he did not know, nor was he ever told by any of the many attorneys that represented him in the course of his state criminal proceedings, that there was a one-year time limitation bar to the instant habeas action.

Upon consideration of the Motion to Reconsider and the entire file, the Court finds that Mr. Wade fails to demonstrate some reason why the Court should reconsider and vacate the Order of Dismissal in this action. To the extent that Mr. Wade is asserting that he is entitled to equitable tolling due to his ignorance of the law, the Tenth Circuit has found that it is well established that "ignorance of the law, even for an incarcerated pro se [applicant], generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)). This Court, therefore, finds that Mr. Wade fails to demonstrate the existence of any extraordinary circumstances beyond his control that made it impossible for him to file his Application on time. Therefore, the Motion to Reconsider will be denied. Accordingly, it is

ORDERED that the "(Re-Hearing) Motion to Show Cause in Response to Court Order" (Doc. No. 12), filed November 28, 2007, is construed as a Motion to Reconsider, filed pursuant to Fed. R. Civ. P. 59(e), and is denied.

DATED at Denver, Colorado, this 21 day of Jan., 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01901-BNB

Hillery Wade
Prisoner No. 1532
Huerfano County Corr. Center
304 Ray Sandoval Street
Walsenburg, CO 81089

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 2/1/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk