IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01901-ZLW

HILLERY WADE,

Applicant,

v.

PEOPLE OF THE STATE OF COLORADO, and
MR. SUTHERS, The Attorney General of the State of Colorado,

Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR ~ 2 2008

GREGORY C. LANGHAM
CLERK

---

## ORDER DENYING SECOND MOTION TO RECONSIDER

---

Applicant Hillery R. Wade, on March 24, 2008, filed a "Petition for Relief From Order of Dismissal Pursuant to Rule 60(b)(4) and (6) Fed. R. Civ. P." Previously, on November 28, 2007, Mr. Wade filed a pleading that was construed as a Motion to Reconsider and was denied on February 1, 2008. In the March 24, 2008, Petition, Mr. Wade again asks the Court to reconsider and vacate the November 2, 2007, Order of Dismissal of his 28 U.S.C. § 2254 action.

The Court must construe the Petition liberally because Mr. Wade is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the Court will treat the Petition as a Second Motion to Reconsider filed pursuant to Fed. R. Civ. P. 60(b).

Upon consideration of the Second Motion to Reconsider and the entire file, the Court again finds that Mr. Wade fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. In the Second Motion to Reconsider, Applicant argues that under the State of Colorado governing statutes he

has up to three years to seek postconviction relief or collateral remedies of his state conviction. (Second Mot. at 4.) He contends that applicable Colorado statutes are in conflict with 28 U.S.C.§ 2244(d), because federal habeas review is subject to a one-year filing limitation by state prisoners who desire to seek relief from their state convictions in federal courts. Mr. Wade further contends that the time from November 6, 1995, when his conviction and sentence became final, until October 26, 1998, when he filed his postconviction motion, is tolled because the postconviction motion was filed within the state statutorily prescribed period of three years.

Simply because Applicant filed his postconviction motion within the Colorado's three-year window does not overcome the one-year procedural bar limiting federal habeas relief. The one-year statutory limitation on seeking habeas relief has not been held to conflict with federal constitutional protections even when the limitation is shorter than the limitation allowed in comparable state remedies. *Wager v. Milyard*, 202 Fed. Appx. 339, 340 (10th Cir. Nov. 28, 2006) (unpublished). Therefore, the Court finds that Applicant has failed to assert any extraordinary circumstances that would merit relief under Rule 60(b). Accordingly, it is

ORDERED that Applicant's Petition for Relief From Order of Dismissal Pursuant to Rule 60(b)(4) and (6) Fed. R. Civ. P is construed as a Second Motion to Reconsider and is denied.

DATED at Denver, Colorado, this _2_ day of _____ *April* _____, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01901-BNB

Hillery Wade
Prisoner No. 1532
Northfork Corr. Facility
1605 E. Main - Unit C -North 109
Sayre, OK 73662


I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 4/2/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk